**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

JUAN COLOME ABREU,

    Petitioner,

v.

PATRICK GARTLAND,

    Respondent.

CIVIL ACTION NO.: 5:17-cv-162

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Juan Colome Abreu ("Abreu"), who was formerly incarcerated at the Immigration and Customs Enforcement ("ICE") Processing Center in Folkston, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Respondent filed a Motion to Dismiss. (Doc. 9.) For the reasons which follow, I **RECOMMEND** that the Court **GRANT** Respondent's Motion, **DISMISS as moot** Abreu's Petition, **DENY** Abreu *in forma pauperis* status on appeal, and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case.

## BACKGROUND

Abreu filed his Petition on November 30, 2017. (Doc. 1.) Abreu asserted he is a native of Cuba but has been a lawful permanent resident of the United States of America since August 12, 1980. (Id. at p. 1.) Abreu asserts that following his arrest in 2017, ICE detained him for an "undetermined amount of time." (Id. at p. 3.) Abreu alleged that an Immigration Judge ordered him to be removed or deported, but he was not deported within the ninety (90) day period

following that order.[1] (Id. at p. 4.) Specifically, he contended that "ICE has detained petitioner for almost seven months since the issuance of his final order of removal." (Id.) Abreu argued that it was not reasonably foreseeable that ICE would remove him to Cuba. Thus, Abreu requested that this Court order ICE to release him from detention on an order of supervision. (Id. at p. 6.)

On March 21, 2018, Respondent filed his Motion to Dismiss Abreu's Petition. (Doc. 9.) In a declaration attached to that Motion, Christopher Cox, an ICE Deportation Officer averred that Abreu was released from ICE custody on an order of supervision on February 27, 2018. (Doc. 9-1.) Indeed, the Court's June 26, 2018 Order directing Abreu to respond to the Motion to Dismiss was returned to the Court as undeliverable on July 2, 2018. (Doc. 11) Respondent asserts Abreu's release from ICE custody renders his Petition moot, and his Petition should be dismissed.

## DISCUSSION

### I. Whether Abreu's Petition is Moot

Article III of the Constitution "extends the jurisdiction of federal courts to only "'Cases' and 'Controversies.'" Strickland v. Alexander, 772 F.3d 876, 882 (11th Cir. 2014). This "case-

---

[1] Under the Immigration and Nationality Act, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. §1231(a)(1)(A). During that period, the Attorney General must detain the alien. 8 U.S.C. §1231(a)(2). Additionally, the Attorney General may detain certain categories of aliens beyond the 90 day removal period. 8 U.S.C. § 1231(a)(6). However, any continued detention under that statute must not be indefinite. See Zadvydas v. Davis, 533 U.S. 678, 701 (2001) (construing 8 U.S.C. § 1231(a)(6) to contain a "reasonable time" limitation in which the Attorney General may detain aliens beyond the 90 day period). The United States Supreme Court has found that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id. However, this does not entail that every alien detained longer than six months must be released. Id. Rather, to state a claim for habeas relief under Zadvydas, an alien must (1) demonstrate that he has been detained for more than six months after a final order of removal; and (2) "provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002). If a petitioner makes these showings, the burden shifts to the Government to respond with evidence to rebut that showing. Zadvydas, 533 U.S. at 701.

or-controversy restriction imposes" what is "generally referred to as 'justiciability' limitations." Id. There are "three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement." Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted). With regard to the mootness strand, the United States Supreme Court has made clear that "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (citations omitted). Accordingly, "[a]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotation marks omitted). Questions of justiciability are not answered "simply by looking to the state of affairs at the time the suit was filed. Rather, the Supreme Court has made clear that the controversy 'must be extant at all stages of review, not merely at the time the complaint is filed.'" Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1189–90 (11th Cir. 2011) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)).

In his Petition, Abreu only requests release from ICE detention on an order of supervision. (Doc. 1.) As described above, Abreu has since been granted this exact release, (docs. 9-1, 11); thus there is no longer a "live controversy" over which the Court can give meaningful relief. Friends of Everglades, 570 F.3d at 1216. Accordingly, the Court should **GRANT** Respondent's Motion to Dismiss, (doc. 9), and **DISMISS as moot** Abreu's Petition for Writ of Habeas Corpus, (doc. 1).

**II.     Leave to Appeal *in Forma Pauperis***

The Court should also deny Abreu leave to appeal *in forma pauperis*.  Though Abreu has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").  An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Given the above analysis of Abreu's Petition and Respondent's Response, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **GRANT** Respondent's Motion, **DISMISS as moot** Abreu's Petition, **DENY** Abreu *in forma pauperis* status on appeal, and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 1st day of August, 2018.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA